UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES SPURLOCK, PAULA FELTON, and        *        CIVIL ACTION
SAMUEL FELTON

versus                                   *        NO. 06-9513

TRAVELERS INDEMNITY COMPANY OF           *        SECTION "F"
CONNECTICUT

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

The parties in this case have been misidentified in the original complaint. The defendants in this case are actually Standard Fire Insurance Company and Pappalardo Agency, Inc. The plaintiffs secured homeowners' through the Pappalardo Agency and the policy was underwritten by Standard Fire. The plaintiffs' properties were damaged by Hurricane Katrina. They filed claims under their policies, but Standard Fire has refused to pay the claims. The plaintiffs sued the insurer and the agent, requesting payment for damages to their home. They accused Pappalardo of negligence in the procurement of insurance, including failing to secure the flood insurance they requested and failing to advise them that excess flood insurance was a viable option. They contend that "[w]ithin the last year, plaintiff has conversed with

1

defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes." The plaintiffs accuse Standard Fire of bad faith and breach of contract in the settlement of their claims.

Standard Fire removed the case to this Court on November 3, 2006, invoking this Court's diversity jurisdiction because they claim Pappalardo has been fraudulently joined, and, alternatively, original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

Standard Fire argues that the plaintiffs' claims are preempted because the policies became effective more than three

years before the plaintiffs' claim. But the plaintiffs argue that they had conversations with the agent and requested changes to their coverage within three years of the damage to their home which caused them to discover the gap in their coverage. Neither Standard Fire nor Pappalardo provides this Court with any evidence to contradict this assertion. Because Louisiana law creates a fiduciary duty for agents to procure the coverage desired by their customers, the Court cannot say that the plaintiffs in this case have no reasonable possibility of recovery under state law. Therefore, the Court finds that the in-state defendant, Pappalardo, was not improperly joined, and complete diversity between the parties is destroyed.

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident." See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL

2583406 (Sept. 6, 2006) (Lemmon, J.); <u>Southall v. St. Paul Travelers Ins. Co.</u>, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

      Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

      New Orleans, Louisiana, January 17, 2007.

      _____
      MARTIN L. C. FELDMAN
      UNITED STATES DISTRICT JUDGE